3. DAMAGES, § 207*—*when instruction is not erroneous.* An instruction as to damages stating that the jury may estimate same from the evidence in connection with their own knowledge and experience is not necessarily erroneous; especially where the record does not show the elements of damages as claimed in the declaration, the defendant having contended that there was no evidence in support of certain elements.

---

**Frank W. Rieder and Edith K. Rieder, Defendants in Error, v. Levi B. White et al., Plaintiffs in Error.**

**Gen. No. 17,804.    (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Bill in equity by Frank W. Rieder and Edith K. Rieder against Levi B. White, Benson Landon and Arthur C. Bachrach for the reformation of a deed and to enjoin a suit at law. From a decree for complainants, defendants bring error.

BENSON LANDON, for plaintiffs in error.

BEACH & BEACH, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

REFORMATION OF INSTRUMENTS, § 15*—*when deed may be reformed.* Where a deed does not express the actual agreement between the parties, there being an omission of a provision to the effect that

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

the conveyance was made subject to all unpaid taxes and assessments levied against the land, such omission is a mistake of fact, and a court of equity will reform the deed by inserting the omitted provision.

---

### John S. Huey and Lloyd G. Kirkland, Plaintiffs in Error, v. Herman Frank, Defendant in Error.

### Gen. No. 17,852.

1. FRAUDS, STATUTE OF, § 85*—*what is effect when lease is not written.* Where a person leased certain property but such lease was void as being within the statute of frauds, the promise of the lessee to pay the lessor any loss which such lessor might sustain by reason of the lessee's failure to take the property was without consideration.

2. FRAUDS, STATUTE OF, § 94*—*what may be recovered when contract is void.* Where a lease of certain property was void as being within the statute of frauds but the lessor paid out certain money for lettering window shades, telephone and switch board services, upon the faith of such lease and at the request of the lessee such money paid was recoverable.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and judgment here. Opinion filed October 15, 1913.

JOHN S. HUEY and JOHN A. BROWN, for plaintiffs in error.

HERMAN FRANK, *pro se.*

MR. JUSTICE BAUME delivered the opinion of the court.

In April, 1910, John S. Huey and Lloyd G. Kirkland, being the lessees of a suite of offices in the Chicago Title & Trust Company building, entered into negotiations with Herman Frank relative to the subletting to

---

*See **Illinois Notes Digest**, Vols. XI to XIV, same topic and section number.